## IN THE UNITED STATE DISTRICT COURT

## STATE OF UTAH

| | |
|---|---|
| **DEBRA S. SPIERS,**<br><br>               **Plaintiff,**<br><br>vs.<br><br>**DR. TROY E. MEINK. Secretary Department of Air Force,**<br><br>               **Defendant.** | **MEMORANDUM DECISION & ORDER ALLOWING PLAINTIFF TO AMEND COMPLAINT & TEMPORARILY GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**Case No.  1:26-cv-00121**<br><br>**Magistrate Judge Dustin B. Pead** |

Before the court is Plaintiff Debra S. Spier's ("Ms. Spiers") pro se complaint.[1] Ms. Spiers is temporarily proceeding in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute") while the court screens her pleading.[2] Accordingly, the court screens Plaintiff's complaint and reviews the sufficiency of Ms. Spiers' pleading under the authority of the IFP Statute. As set forth herein, the court identifies deficiencies that leave the complaint subject to dismissal in its entirety. The court therefore grants Ms. Spiers additional time in which she may file a proper amended complaint that cures the deficiencies identified herein.

---

[1] ECF No. 1, Complaint.

[2] ECF No. 7, Order Temporarily Granting Motion to Proceed IFP; 28 U.S.C. § 1915.

## BACKGROUND

Ms. Spiers names Doctor Troy E. Meink ("Defendant") as the Defendant in her action brought under Title VII of the Civil Rights Act of 1964.[3] As support for her claim alleging discrimination on the basis of her disability, Ms. Spiers states:

> the employer [took] adverse actions at issue. were not just preliminary steps to taking agency adverse actions, they were adverse actions.[4]

As support for her claim for failure to accommodate, Ms. Spiers alleges:

> The employer adverse actions at issue were part of an ongoing continuing violation as to a failure to accommodate my disability.[5]

These two sentences compose the entirety of the factual basis offered by Plaintiff in support of her causes of action. As relief for Defendant's alleged violations, Ms. Spiers seeks "a judgment awarding damages for loss of employment, emotional distress court costs and attorney fees."[6]

## LEGAL STANDARDS

To review Mr. Spiers' complaint under the authority of the IFP Statute, the court must consider the standard under Fed. R. Civ. P. 12(b)(6) regarding the failure to state a claim on which relief can be granted.[7] This legal standard is addressed below.

### 1.    Failure to State a Claim

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the

---

[3] *See generally,* ECF No. 1.

[4] ECF No. 1 at 4.

[5] *Id.*

[6] *Id.*

[7] Fed. R. Civ. P. 12(b)(6).

action . . . fails to state a claim on which relief may be granted."[8] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[9] Under that standard, the court "look[s] for plausibility in th[e] complaint."[10] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[11]

Additionally, Federal Rule of Civil Procedure 8 is incorporated in the court's Rule 12(b)(6) analysis.[12] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[13] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[14] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[8] 28 U.S.C. § 1915(e)(2)(B)(ii).

[9] Fed. R. Civ. P. 12(b)(6).

[10] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[11] *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[12] *U.S. ex. rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010); Fed. R. Civ. P. 8.

[13] Fed. R. Civ. P. 8(a)(2).

[14] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 555, 557) (alteration in original).

statements, do not suffice."[15] Rule 8 requires, at least, that the allegations of a complaint put the defendant on fair notice of the claims raised.[16] The twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims so defendant may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[17]

In analyzing Ms. Spiers' complaint, the court is mindful that her hand written complaint was drafted as a pro se litigant and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[18] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[19] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[20] Additionally, while the complaint appears to be drafted by Ms. Spiers, Plaintiff has obtained counsel and is currently represented by attorney David Holdsworth.

After reviewing Plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give [him] an opportunity to amend."[21]

---

[15] *Id.*

[16] *Twombly,* 550 U.S. at 555.

[17] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Association of Kansas,* 891 F.2d 1471, 1480 (10th Cir. 1989).

[18] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *see e.g., Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[19] *Id.* at 1110 (citation omitted).

[20] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[21] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

**ANALYSIS**

Plaintiff's complaint is subject to dismissal because she fails to state a plausible claim for relief. Nonetheless, the court provides Ms. Spiers with an opportunity to amend his pleading.

**1.      Ms. Spiers' Complaint Fails to State a Plausible Claim for Relief Under Title VII.**

The only federal claims Ms. Spiers brings are for discrimination and failure to accommodate under Title VII of the Civil Rights Act of 1964.[22] But her complaint contains little to no detail about these claims. Presumably, Ms. Spiers bases these claims on the termination of her employment---whatever that employment may have been. As explained below, Ms. Spiers fails to allege facts sufficient to state plausible claims under Title VII.

1.      *Discrimination Claim*

To start, Ms. Spiers has not alleged a plausible Title VII discrimination claim for failure

Absent direct evidence, a plaintiff must establish a prima facie case by showing she is:

Ms. Spiers must establish: (1) that she is disabled within the meaning of the Americans with Disabilities Act, (2) that she was otherwise qualified for the position, (3) that she requested a reasonable accommodation and (4) that her employer refused to accommodate her disability.[23] None of this information is alleged in Plaintiff's pleading.

---

[22] *See generally* ECF No. 1.

[23] *Holdbrook v. Anchor Glass Container Corp.,* 2026 U.S. Dist. LEXIS 99800, at *14 (E.D. Okla. May 6, 2026) (citing *Aubrey v. Koppes,* 975 F.3d 995, 1005 (10th Cir. 2020)); *see also Johnson v. Weld County,* 594 F.3d 1202, 1217 (10th Cir. 2010).

2.    *Amendment*

For this reason, Plaintiff's complaint is subject to dismissal as written. Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend."[24] Accordingly, the court affords Plaintiff an opportunity to cure the deficiencies and amend the complaint no later than **August 19, 2026**. Once received, the court will screen the pleading to determine whether the amended complaint states a claim for relief. If it fails to do so, it will be subject to dismissal with prejudice.

## CONCLUSION AND ORDER

The court ORDERS as follows:

1.  Plaintiff is ordered to file an amended complaint by **August 19, 2026**. The words "Amended Complaint" should appear in the caption of the documents.

2.  The amended complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint(s).

3.  Once filed, the court will screen the proposed amended complaint under 28 U.S.C. §1915 and DUCivR 3-2(b).

4.  Ms. Spier's failure to file a timely amended complaint may result in dismissal of this action.

5.  Plaintiff's motion to proceed in forma pauperis is TEMPORARILY GRANTED.[25]

---

[24] *Kay,* 500 F.3d at 1217 (citation omitted).

[25] ECF No. 2.

**IT IS SO ORDERED**

DATED this 5th day of August, 2026.

BY THE COURT

_____

DUSTIN B. PEAD
Magistrate Judge
United States District Court